## THE STATE v. JOHANNES DEITZ.

In the indictment under the act of the 13th of November, 1866, regulating the sale, &c., of animals, it is only necessary to follow the statute substantially.

The 24th section, VIIth article, of the constitution of 1866, reads as follows: "Every law enacted by the legislature shall embrace but one object, and that shall be expressed in the title." (Paschal's Dig., 942, sec. 24.)

The act of 13th November, 1866, entitled, * "An act to regulate the sale, alien-

---

* "1. Hereafter, upon the sale, alienation, or transfer of any horse, mare, mule, gelding, colt, jack, jennet, cow, calf, ox, or beef steer, by any person in this state, the actual delivery of such animals shall be accompanied by a written conveyance from the vendor, or party selling, to the purchaser, giving the number, marks or brands; and hereafter, upon the trial of the right of property in any of the animals mentioned, or upon the trial of any person charged with theft of such animals in any court of this state, the possession of the animals in controversy, or charged to have been stolen by the party, without the written conveyance as herein provided, shall be *prima facie* evidence against the party of the illegal possession of such animals: *Provided*, Persons may dispose of stock animals of the kind mentioned, as they run in the range, by the sale and delivery of the brands and marks; and in every such sale of animals as they run in the range, the purchaser, in order to acquire title thereto, shall have his conveyance or bill of sale of such stock recorded in the county clerk's office, in a book to be kept by him for that purpose, and such sale or transfer shall be noted on the record of original marks and brands in the name of the vendee or purchaser.

"2. Hereafter any person who shall purchase animals of any class named in the first section of this act, for the purpose of driving to market out of the county where purchased, or out of the state, the party purchasing shall, before moving the animals out of the county where purchased, deposit with the clerk of the county court, for record, a bill of sale and correct list of the number, marks, brands, and kind of animals, together with his post office, or place of abode, signed and acknowledged by the vendor or vendors, which shall be recorded in the book kept by the clerk for that purpose, and with his certificate of record, under seal attached, shall be returned to the purchaser, upon payment of the recording fees, and persons desiring to drive their own stock, raised by themselves, shall, in like manner, procure a certified copy of his or their marks and brands, and any person or persons who may be found in any county in this state driving any herd, drove, or animals, as above mentioned, out of the county or state, to be sold in market, and shall not have in his or their possession the recorded list of his or their marks and brands or bill of sale, for the animals in his or their possession, shall be liable to arrest by an authorized officer in the state, and shall be deemed guilty of a violation of the laws of this state, and upon trial and conviction, either upon information or indictment, shall be fined in the sum of not less than double the value of each animal so driven, to be paid into the county treasury of the county where the party may be convicted, and the officer trying the same shall cause the stock or animals, so illegally held, to be returned to the owner at the expense of the convicted party.

"3. Any person or persons, in any county, town, or village, in this state, engaged in the slaughter and sale of animals for market, such person or persons shall make a regular report to the police court of the county, under oath, giving the number, color, age, marks, and brands of every animal slaughtered, and shall exhibit to the marshal of any town or city, or clerk of the county court, the hides of the beef so slaughtered, and such officer shall take and file a list and description of such hides, which report

ation, removal, or transfer of animals in this state, and to require butchers to report to the police court all animals slaughtered, and for other purposes," has a single object—the protection of stock-raisers. It was designed to furnish the means whereby theft of this species of property could be detected and punished. We think the object is expressed in the title.

The act requires all persons dealing in stock to place on the records of the county court descriptive lists of animals by them purchased, whether for the purpose of driving out of the county or for butchering within the county, and it is not obnoxious to this constitutional provision.

APPEAL from Gillespie. The case was tried before Hon. THOMAS H. STRIBLING, one of the district judges.

The indictment alleged that Johannes Deitz, on the 10th day of October, &c., did drive out of Gillespie county, to some market, &c., a lot of beeves purchased by him, the said Johannes Deitz, from various persons in said Gillespie county to the grand jurors unknown, without first filing with the clerk of the county court of said county of Gillespie the bill or bills of sale for said beeves purchased and driven as aforesaid, describing the marks and brands

shall be made to each regular meeting of the court, and be recorded by the clerk, for the inspection of any one interested. Each report made shall be accompanied by the bill of sale, or written conveyance, to the butcher for every animal that he has purchased for slaughter; and, if any of the animals slaughtered have been raised by himself, it shall be so stated in the report, and any butcher or person engaged in slaughtering, who shall kill any unmarked or unbranded animal for market, or shall purchase and kill any animal without the proper bill of sale, other than his own raising, or shall fail to make the report to the police court, as is herein provided, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in the sum of not less than fifty dollars nor more than three hundred dollars for each offense, to be paid into the county treasury as a jury fund.

"4. It is hereby made the duty of the police court of each county to examine, at its regular meetings, all records and reports made under this act, and to inquire into and report to the grand jury or county attorney any person guilty of violating the same; and, if in vacation, to cause the offender to be arrested, and the facts to be inquired into before some justice of the peace, and if guilty, to be required to execute bond, conditioned as other penal bonds, for his appearance at the next term of the district or county court, and in default thereof to be imprisoned, as in other cases. The judges of the district courts in each county in this state shall be required to give this act specially in charge to the grand jury of each county at its organization.

"5. An act approved 4th day of March, 1863, entitled 'An act to regulate the sale of beef cattle, and to require butchers to keep and return lists of the cattle slaughtered, and to prevent the sale of unmarked or unbranded calves,' be, and the same is hereby, repealed, and that this act take effect and be in force from and after the first day of January, 1867."

thereof, verified by the oath of him, said Johannes Deitz, as required by law.

This indictment was found under the second section of the act of November 13, 1866, regulating the sale, removal, and transfer of animals, &c.

No briefs have been furnished to the *Reporter*.

CALDWELL, J.—The indictment is founded on a law passed by the XIth legislature, approved November 13, 1866, regulating the sale, alienation, removal, or transfer of animals, &c. [*Ante, p. 511.*]

There were several exceptions to the indictment, which was quashed, and the state appealed.

The only objection we deem necessary to notice goes to the constitutionality of the act. The other points have been determined in Schutze v. The State, [*ante, p. 508,*] decided at this term of the court.

It is insisted that the law is repugnant to the 24th section, article VII, of the constitution, which is as follows:

"Every law enacted by the legislature shall embrace but one object, and that shall be expressed in its title."

The act in question has for its single object the greater security of stock raisers. It is designed to furnish the means whereby theft of this species of property can be detected and punished, and we think this expressed in its title and none other.

Does it embrace two or more objects? We think not. It requires all persons dealing in stock to place on the records of the county court descriptive lists of animals by them purchased, whether for the purpose of driving out of the county or butchering within the county. It does not create two offenses; stock is the subject legislated on, and the unlawful dealing in is punished.

REVERSED AND REMANDED.